**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOHN ANTHONY WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-343-D |
| | ) | |
| JANET DOWLING, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred by United States District Judge Timothy D. DeGiusti for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the Petition has been promptly examined. For the reasons set forth below, it is recommended that the Petition be summarily dismissed.

## I.      Background

On November 1, 2010, Petitioner was convicted, pursuant to a plea of guilty, in the District Court of Oklahoma County, State of Oklahoma, on multiple charges in Case Nos. CF-2009-3958; CF-2009-4050; CF-2010-4621; and CF-2010-4699. *See* Petition at p. 2, ¶¶ 2-4, 6. Petitioner moved to withdraw his guilty plea but his motion was denied on November 23, 2010. *See* Petition at p. 3, ¶ 10. Petitioner then filed a direct appeal of his conviction but later requested that he be allowed to dismiss his direct appeal. The Oklahoma Court of Criminal Appeals (OCCA) granted his request on May 13, 2011. *See* OCCA Order Affirming Denial of Post-Conviction Relief [Doc. No. 1-3] at p. 2 (reciting procedural history); *see also* Petitioner's Affidavit [Doc. No. 1-4].

Petitioner filed his first application for post-conviction relief on July 14, 2014, and sought leave to file a direct appeal out of time. *See* OCCA Order Affirming Denial of Post-Conviction Relief [Doc. No. 1-3] at p. 2. The OCCA affirmed the district court's denial of post-conviction relief on December 11, 2015. *See id.*

Petitioner filed this action seeking federal habeas corpus relief on April 11, 2016. He claims a violation of his due process rights alleging he did not knowingly and voluntarily enter his guilty plea. He also claims he received ineffective assistance of trial and appellate counsel.

## II.  Analysis

### A.  Screening Requirement

Rule 4 requires this Court to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." Rule 4 of the Rules Governing Section 2254 Cases. This rule permits the Court to raise the issue of the petition's timeliness. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."); *Thomas v. Ulibarri*, 214 F. App'x 860, 861 n.1 (10th Cir. 2007) (addressing the requirements of *Day* and the discretion of the district court to address the timeliness of a habeas petition). The Court finds the untimeliness of Petitioner's habeas claims is plain from the face of the Petition and attached exhibits and, therefore, the Court may properly exercise its discretion and sua sponte dismiss the Petition.

### B.  Timeliness of the Petition

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for § 2254 habeas petitions brought by state prisoners. *See* 28 U.S.C. § 2244(d)(1).[1]

---

[1] The period begins to run from "the latest of" four dates:

Unless a petitioner alleges facts implicating the provisions set forth in § 2244(d)(1)(B), (C) or (D), the limitations period generally is governed by § 2244(d)(1)(A) and begins to run from the date on which the conviction became final. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Petitioner's conviction became final on May 13, 2011 when the OCCA granted his request to dismiss his direct appeal. *Compare United States v. Meador*, 45 F. Supp. 2d 1263, 1264 (N.D. Okla. 1999) (section 2255 petitioner's conviction became final when the Tenth Circuit dismissed petitioner's direct appeal for lack of prosecution and petitioner did not otherwise challenge the dismissal; "the Court [could] envision no logical or legal reason for setting the date of finality at 90 days from the date of dismissal"). Petitioner's one-year limitations period commenced on May 14, 2011, and he had until May 14, 2012, to file his federal habeas petition. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n. 6 (10th Cir. 2011). [2] The

---

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[2] Even if the Court were to include the ninety-day period during which Petitioner might have pursued a petition for certiorari to the United States Supreme Court, *see Locke v. Saffle*, 237 F.3d 1269, 1272-73 (10th Cir. 2001), his conviction would have become final on August 12, 2011 and the one-year limitations period would have expired on August 13, 2012. Thus, the additional ninety days would not render the Petition timely filed.

instant Petition was not filed until nearly four years later.  Therefore, absent any tolling events, the Petition is untimely filed.

### 1.      Statutory Tolling

The attachments to the Petition demonstrate that grounds for statutory tolling do not exist. *See* 28 U.S.C. § 2244(d)(2) (providing for tolling if during the one-year limitations period a petitioner properly files an application for post-conviction or other collateral review in state court).  Petitioner's first attempt at post-conviction relief occurred on July 14, 2014, after the expiration of the one-year period under § 2244(d)(1)(A).  *See* OCCA Order Affirming Denial of Post-Conviction Relief [Doc. No. 1-3] at p. 2 (reciting procedural history).[3]  Because Petitioner did not seek post-conviction relief until after the limitations period expired, statutory tolling is not available to him.  *See, e.g., Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one-year allowed by [§ 2244(d)] will toll the statute of limitations.").

### 2.      Equitable Tolling

The limitations period set forth in § 2254(d) is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  But, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* (internal quotations and citation omitted).  Moreover, equitable tolling is available only "in rare and exceptional circumstances" and "a garden variety claim of excusable neglect is not enough."  *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (citations omitted).

---

[3] The post-conviction relief sought by Petitioner was leave to file a direct appeal out of time.  But that requested relief was denied by the state district court and the denial was affirmed by the OCCA.  Therefore, the date Petitioner's conviction became final was unaffected by the post-conviction proceedings.

A review of the Petition and attachments thereto demonstrates a lack of allegations sufficient to support grounds for equitable tolling. Petitioner states that he "attempted with due diligence to have the state courts provide adequate facilities and forum in trial court to develop, collect and put to adversarial process and testing the acts of attorney omissions and commissions – and other out-of-record factual disputes (which have never been addressed or ruled upon in Court Minute or Order)." *See* Petition at p. 11. But Petitioner fails to support these conclusory allegations with any specific facts to demonstrate either that he has acted diligently to pursue his federal habeas claims or that extraordinary circumstances prevented the timely filing of his federal habeas petition. *Compare Sherard v. Utah*, No. 15-4167, 2016 WL 1104867 at *2 (10th Cir. Mar. 22, 2016) (unpublished op.) ("Even if Sherard's bare, conclusory allegations that his counsel had been constitutionally ineffective or that Sherard was prevented from filing a habeas petition because of physical or mental capacity qualified as 'some extraordinary circumstance,' Sherard has not alleged that he had been pursuing his rights diligently."). Moreover, the OCCA affirmed the denial of Petitioner's request to file an appeal out of time based on a finding that Petitioner failed to demonstrate he was denied an appeal "through no fault of his own." *See* OCCA Order [Doc. No. 1-3] at p. 4. Thus, no grounds for equitable tolling of the limitations period exist.

### C.     Actual Innocence

Actual innocence may serve as a "gateway through which a petitioner may pass" to overcome the statute of limitations bar. *McQuiggin v. Perkins*, -- U.S. --, 133 S.Ct. 1924, 1928 (2013). "[A] 'credible showing of actual innocence' provides an outright equitable exception to AEDPA's statute of limitations." *Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (*quoting McQuiggin*, 133 S.Ct. at 1928, 1931–33).

5

But "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. The petitioner must support his claim of constitutional error with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). And the petitioner must demonstrate that "in light of this new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329.

Petitioner's claims all arise from alleged deficient performance by his trial and appellate counsel. Petitioner does not make any allegations that he is actually innocent of the crimes for which he has been convicted. Nor does he submit any new evidence that would support a claim of actual innocence. Therefore, Petitioner cannot overcome the untimeliness of his federal habeas petition.

## RECOMMENDATION

It is recommended that the Petition [Doc. No. 1] be summarily dismissed.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by May 27, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The Clerk of Court is directed to transmit a copy of this Report and Recommendation by electronic mail to the Attorney General of the State of Oklahoma on behalf of Respondent at fhc.docket@oag.state.ok.us.

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

ENTERED this 6th day of May, 2016.

_____

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE