# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN ANTHONY WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-343-D |
| | ) | |
| JANET DOWLING, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, a state prisoner appear pro se, objects to the Magistrate Judge's Report and Recommendation (R&R) [Doc. No. 8] recommending summary dismissal of his Petition for Writ of Habeas Corpus for untimeliness. For the reasons stated below, the Court finds that Petitioner's objection is overruled and adopts the Report and Recommendation in its entirety.

## BACKGROUND

On November 1, 2010, Petitioner pled guilty to multiple theft/drug charges in Case Nos. CF-2009-3958, CF-2009-4050, CF-2010-4621, and CF-2010-4699 in the District Court of Oklahoma County, Oklahoma. Petitioner moved to withdraw his guilty plea, but his request was denied on November 23, 2010. Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA), but subsequently moved to dismiss the proceedings, and his motion was granted on May 13, 2011. On July 14, 2014, Petitioner filed an application for post-conviction

relief with the state district court, seeking leave to file an appeal out of time. He alleged, *inter alia*, that he was denied effective assistance of trial/appellate counsel, his plea was involuntary, and he was unconstitutionally denied the right to counsel on appeal. The district court denied his request, and the OCCA affirmed on December 11, 2015.

Petitioner filed the present action on April 11, 2016 [Doc. No. 1], alleging that his plea was not knowing and voluntary and he received ineffective assistance of counsel at the trial and appellate levels. The matter was referred to United States Magistrate Judge Bernard Jones for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). After screening the Petition,[1] Judge Jones determined the Petition was untimely on its face and recommended that the Court dismiss the action sua sponte. R&R at 2. Judge Jones observed that under the Antiterrorism and Effective Death Penalty Act (AEDPA), habeas petitions brought under 28 U.S.C. § 2254 must be brought within one (1) year from when a conviction becomes final. *Id*. at 2-3 (citing 28 U.S.C. § 2244(d)(1); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000)). Judge Jones found that Petitioner's conviction became final on May 13, 2011, when the OCCA granted his request to dismiss his

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court authorizes a district court to conduct an initial screening of petitions and to dismiss unworthy requests for habeas corpus relief. *Ochoa v. Sirmons*, 485 F.3d 538, 545 (10th Cir. 2007). To this end, "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

direct appeal. *Id.* at 3. Since Petitioner failed to successfully plead any tolling events and did not allege he was actually innocent of the charged offenses, Judge Jones found his Petition was untimely. *Id.* at 4. Petitioner timely objected.

## DISCUSSION

Because he appears pro se, the Court is required to construe Petitioner's filings liberally. *Calhoun v. Attorney Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014). However, the Court must not assume the role of Petitioner's advocate. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). Furthermore, the Court is under no obligation to construct legal arguments on Petitioner's behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Petitioner does not dispute that his Petition is untimely. Obj. at 3. Rather, he argues the merits of his Petition and requests additional fact finding into the merits of his claims. However, the Court is only required to review de novo any portion of the R&R to which *proper* objection has been made, *see* Fed. R. Civ. P. 72(b)(3), and Petitioner's objection falls short of this standard. Regardless, even reviewing the R&R de novo, the Court agrees with the recommendation. Under the AEDPA, § 2254 petitions must generally be filed within one year from the date a conviction becomes "final." *See* 28 U.S.C. § 2244(d)(1). In this regard, a sentence becomes

3

final when the defendant's appeal is dismissed and the defendant fails to seek rehearing on, or otherwise challenge, the dismissal. *See Lee v. Klinger*, No. 99-6286, 2000 WL 216615, at *2 (10th Cir. Feb. 23, 2000) (unpublished) ("[Defendant's] conviction became final on April 20, 1987, when the OCCA dismissed his direct appeal."); *United States v. Meador*, 45 F. Supp. 2d 1263, 1264 (N.D. Okla. 1999) (defendant's judgment of conviction became final when Tenth Circuit issued mandate dismissing appeal); *Gage v. United States*, No. CIV-10-92-JHP, 2010 WL 1839401, at *2 (E.D. Okla. May 3, 2010) (petitioner's judgment of conviction became final when Tenth Circuit granted his motion to dismiss his direct appeal); *Brown v. Milyard*, No. 08-cv-2060, 2009 WL 1382155, at *2 (D. Colo. May 15, 2009) (defendant's judgment of conviction became final when state court of appeals issued mandate dismissing direct appeal).

Petitioner does not provide the Court with any persuasive argument that demonstrates why the limitations period was tolled, or that he was otherwise prevented from filing this action sooner. Petitioner's conviction became final on May 13, 2011, the date the OCCA granted his motion to dismiss his direct appeal. His filing was untimely, and Petitioner has failed to show he was excused from timely filing his petition.

**CONCLUSION**

Accordingly, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge [Doc. No. 8] and orders that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 be **DENIED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED** this 10th day of January, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE